UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| CRYSTAL LEI, | No. C 14-00090 LB |
| Plaintiff, | **ORDER** |
| v. | |
| BAY AREA HOLIDAY, et al., | |
| Defendants. | |

On January 7, 2014, *pro se* Plaintiff Crystal Lei filed a complaint naming as Defendants Bay Area Holiday (USA), Inc. ("Bay Area Holiday"), Tat Man Kong, BJG Yi He Yong Shun, Long Ding Tai Yang, and Does 1-10 for alleged misrepresentations regarding travel advertisements and arrangements. Complaint, ECF No. 1.[1] On January 27, 2014, Ms. Lei filed documents purporting to show proof of service on Defendants Bay Area Holiday and Tat Man Kong (with service addresses in California) and Defendants BJG Yi He Yong Shun and Long Ding Tai Yang (with service addresses in China). *See* Executed Summonses, ECF Nos. 4-6. On February 18, 2014, Bay Area Holiday and Tat Man Kong filed a motion for an extension of time to file an answer. Motion, ECF No. 9. On February 25, 2014, Ms. Lei filed a First Amended Complaint, naming the following

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page number at the top of the document.

ORDER
C 14-00090 LB

defendants: Bay Area Holiday, Tat Man Kong, BJG Yi He Yong Shun, Long Ding Tai Yang, and China Ocean International Travel Service ("COIT"). First Amended Complaint, ECF No. 10. On March 1, 2014, the court granted the motion for an extension of time to file an answer (now to the amended complaint) until March 20, 2014. *See* 3/1/14 Order, ECF No. 11. On March 3, 2014, Ms. Lei filed a document purporting to show proof of service on COIT (with a service address in China). *See* Executed Summons, ECF No. 12; *see also* First Amended Complaint, ECF No. 10, ¶ 2. On March 25 and April 2, 2014, Ms. Lei filed applications for entry of default against the Defendants. *See* Motion for Entry of Default, ECF Nos. 13 and 19. In response to both motions, the clerk of the court entered declinations of default as to all Defendants. *See* Declinations of Default, ECF Nos. 18 and 22.

This action is scheduled for a case management conference on Thursday, April 10, 2014, at 11:00 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. However, holding the case management conference at this time presents several issues.

First, Ms. Lei is the only party that has filed a consent to proceed before a United States magistrate judge. *See* Consent (Plaintiff), ECF No. 8. The Defendants have not filed consents or declinations. Under 28 U.S.C. § 636(c), the court needs the consent of all served parties to conduct this proceeding. *See* 28 U.S.C. § 636(c). An unserved defendant is not a party under 28 U.S.C. § 636(c). *See Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

Second, it is not clear that the foreign defendants have been properly served under Federal Rule of Civil Procedure 4(f), the rule governing service of process requirements in foreign countries. Under Federal Rule of Civil Procedure 4(m), absent good cause, Ms. Lei has 120 days from the filing date of the complaint to serve named Defendants. This means that Ms. Lei must effect service of process on Defendants BJG Yi He Yong Shun, Long Ding Tai Yang, and COIT by May, 7 2014. Ms. Lei should file a proof of service as soon as she does and in any event no later than May 8,

C 14-00090 LB
2

2014. If Ms. Lei does not effect service on BJG Yi He Yong Shun, Long Ding Tai Yang, and COIT by May 7, 2014, the court may issue an order directing Ms. Lei to show cause why the claims against them should not be dismissed for failure to prosecute. Alternatively, if Ms. Lei decides not to proceed against the foreign defendants, she should file a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

Furthermore, it is not clear from the pleadings that the court has subject-matter jurisdiction. *See* First Amended Complaint, ECF No. 10; Civil Cover Sheet, ECF No. 1-1. It appears that Ms. Lei claims diversity jurisdiction, but she and two defendants reside in California. *See* Civil Cover Sheet, ECF No. 1-1 at 1. This would mean that there is no diversity jurisdiction under 28 U.S.C. § 1332. Ms. Lei does not appear to plead any other basis for federal jurisdiction.

Accordingly, the court **CONTINUES** the case management conference from April 10, 2014 to May 22, 2014 at 11:00 a.m. in Courtroom C, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. Ms. Lei should effect service of process on the foreign defendants by May, 7 2014 and file proof of service by May 8, 2014. The parties shall file a joint case management conference statement no later than May 15, 2014. Ms. Lei should also address the jurisdictional issues in the case management conference statement.

**IT IS SO ORDERED.**

Dated: April 9, 2014

LAUREL BEELER
United States Magistrate Judge