UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL LEI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BAY AREA HOLIDAY, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C 14-00090 LB<br><br>**ORDER (1) RECOGNIZING THAT PLAINTIFF WITHDREW HER INTERPLEADER MOTION, (2) GRANTING THE CALIFORNIA DEFENDANTS' MOTION TO SET ASIDE THEIR DEFAULT, (3) DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION, AND (4) CONTINUING THE CASE MANAGEMENT CONFERENCE** |

**INTRODUCTION**

*Pro se* Plaintiff Crystal Lei sued Defendants Bay Area Holiday (USA), Inc. ("Bay Area Holiday"), Tat Man Kong, BJG Yi He Yong Shun, Long Ding Tai Yang, China Ocean International Travel Service, and American Express Company for alleged misrepresentations regarding travel advertisements and arrangements, fraudulently charging her credit card, and (as to American Express) for negligence in requiring Ms. Lei to pay for the fraudulent charges. *See* Second Amended

ORDER
(C 14-00090 LB)

Complaint ("SAC"), ECF No. 24.[1] Thereafter, Ms. Lei voluntarily dismissed American Express from the action. Dismissal, ECF No. 34. This leaves only Bay Area Holiday and Tat Man Kong (collectively, the "California Defendants") and BJG Yi He Yong Shun, Long Ding Tai Yang, and China Ocean International Travel Service (collectively, the "Chinese Defendants"), as Defendants to this action. There is no evidence that Ms. Lei properly served the Chinese Defendants with the Second Amended Complaint, but she has filed a proof of service evidencing that she served the California Defendants with it. After the California Defendants did not respond to the Second Amended Complaint, the Clerk of the Court entered their default. That same day, however, the California Defendants filed a motion asking the court to give them more time to respond. They later filed a motion to set aside their default.

Upon consideration of the record and applicable authority, the court finds good cause to **GRANT** the California Defendants' motion to set aside their default. In addition, the court **ORDERS** Ms. Lei to show cause by **4:00 p.m. on Thursday, May 29, 2014** why this case should not be dismissed for lack of subject-matter jurisdiction. Finally, the court **CONTINUES** the case management conference that is currently set for May 22, 2014 to **July 10, 2014**.

## STATEMENT

Ms. Lei resides in San Francisco, California. SAC ¶ 1. Defendants Bay Area Holiday and Tat Man Kong, Bay Area Holiday's CEO, also are San Francisco residents. *Id.* ¶¶ 2, 17. Defendants BJG Yi He Yong Shun, Long Ding Tai Yang, and China Ocean International Travel Service are Chinese companies conducting business in Beijing, China. *Id.* ¶ 2.

On September 8, 2013, Ms. Lei responded to a travel advertisement that Defendant Bay Area Holiday posted in the Sing Tao Daily newspaper. *Id.* ¶¶ 10-11. She went to a Bay Area Holiday sales office and asked about an 11-day tour from Beijing to Hong Kong with 5-star hotel accommodations for $88. *Id.* ¶ 11. After a Bay Area Holiday Sales Manager confirmed the details, Ms. Lei joined the tour and paid $1,583.00 (including the extra costs for airfare from Shanghai to

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1 Guangzhou). *Id.* ¶ 12. On November 20, 2013, Ms. Lei went on the tour. *Id.* ¶ 13. The hotel accommodations, meals, and travel arrangements provided were not as good as advertised, and Ms. Lei alleges that she was defrauded through "bait and switch" tactics. *Id.* ¶¶ 14-32.

Defendants Yi He and Long Ding are a jade store that Ms. Lei visited as part of the tour. *Id.* ¶¶ 19-21. Ms. Lei purchased goods from Yi He and Long Ding but the goods did not conform to the quality the salesman claimed. *Id.* Yi He and Long Ding also fraudulently charged Ms. Lei's credit card without authorization and double-charged her American Express card for other merchandise. *Id.* ¶¶ 21-22, Ex. F (showing two charges, each for $6,382.83 from Long Ding).

Ms. Lei filed her Second Amended Complaint on April 10, 2014. SAC, ECF No. 24. The SAC asserts a claim for negligence against American Express and claims for breach of contract, conspiracy to defraud, breach of the covenant of good faith and fair dealing, and fraud against all of the other Defendants. Ms. Lei subsequently voluntarily dismissed American Express from this action. Dismissal, ECF No. 34.

On April 10, 2014, the same day she filed the SAC, Ms. Lei filed a motion to deposit funds in interpleader, Interpleader Motion, ECF No. 26, but she withdrew it on April 25, 2014, Notice of Withdrawal, ECF No. 29.

There is no evidence that Ms. Lei properly served the Chinese Defendants with the Second Amended Complaint, but she has filed a proof of service evidencing that she served the California Defendants with it. Proof of Service, ECF No. 37 at 5-8. After the California Defendants did not respond to it, and upon Ms. Lei's motion, the Clerk of the Court entered their default on May 15, 2014. Entry of Default, ECF No. 39. That same day, however, the California Defendants filed a motion asking the court to give them more time to respond. Motion to Extend Time, ECF No. 40. And on May 16, 2014, they filed a motion to set aside their default. Motion to Set Aside, ECF No. 41.

## ANALYSIS

### I. MS. LEI WITHDREW HER INTERPLEADER MOTION

To make the record clear, the court recognizes that Ms. Lei withdrew her interpleader motion on

ORDER
(C 14-00090 LB)                                               3

April 25, 2014. The court will terminate her motion. Thus, the Federal Interpleader Act, 28 U.S.C. § 1335, does not provide the court with subject-matter jurisdiction. *See* 28 U.S.C. § 1335(a).

## II. THE COURT SETS ASIDE THE CALIFORNIA DEFENDANTS' DEFAULT

In this case, as the court previously noted in its April 9, 2014 order, it does not appear that federal subject-matter jurisdiction exists. *See* 4/9/2014 Order, ECF No. 23 at 3. And if the court lacks subject-matter jurisdiction, any default judgment entered against the California Defendants is a nullity. *See* CAL. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL § 6:183 (The Rutter Group 2013) (citing United States v. Forma, 42 F.3d 759, 762 (2d Cir. 1994)); *see also Morgan Equip. Co. v. Novokrivorogsky State Ore Min. and Processing Enter.*, 57 F. Supp. 2d 863, 868 (N.D. Cal. 1998) (Wilken, J.) (citing *Forma*).

In light of the questions surrounding this court's subject-matter jurisdiction over this action (as discussed in more detail below), the California Defendants' default must be set aside. The California Defendants' motion to set aside their default therefore is **GRANTED**.

## III. MS. LEI IS ORDERED TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION

The court notes that the Second Amended Complaint does not fix the jurisdictional defects that the court addressed with regard to the FAC. *See* 4/9/2014 Order, ECF No. 23 at 3. Specifically, the SAC does not establish a basis for federal jurisdiction. This is because this action is based on the court's diversity jurisdiction, but Ms. Lei and the California Defendants all are California residents, and the amount in controversy appears to be less than $75,0000. *See* 28 U.S.C. § 1332(a) (vesting federal courts with original jurisdiction where the opposing parties are citizens of different states and the amount in controversy exceeds $75,000). Instead, this action is a breach of contract and fraud action brought by one Californian against other Californians (and others) to recover a few thousands of dollars in damages—the type of action that generally belongs in state court. Accordingly, the court **ORDERS** Ms. Lei to show cause why this action should not be dismissed for lack of subject-matter jurisdiction. To do so, Ms. Lei **SHALL** file a written response to this order to show cause no later than **4:00 p.m. on Thursday, May 29, 2014**.

## IV. THE COURT CONTINUES THE CASE MANAGEMENT CONFERENCE

In light of the court's order to show cause, the court **CONTINUES** the currently-scheduled May 22, 2014 case management conference to **July 10, 2014 at 11:00 a.m.** in Courtroom C. 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102.

**IT IS SO ORDERED.**

Dated: May 19, 2014

_____
LAUREL BEELER
United States Magistrate Judge